MARVIN, Judge.
Defendant appeals her sentence to six years at hard labor for distribution of cocaine in 1982. LRS 40:967. This crime occurred only two months after the expiration of defendant’s probationary period under a sentence for distribution of cocaine in 1977. The sentence for this crime is a minimum five years and a maximum 30 years.
Although defendant’s specifications of error relate to the excessiveness of the sentence and the trial court’s failure to comply with CCrP Art. 894.1, the focus of the appeal relates to the trial court’s being unaware of its authority under LRS 15:1133 to sentence defendant to a community rehabilitation center.
In this respect, defendant’s appellate counsel argues that the trial court’s statement, “I wish there were a place where we could put ... you, where you would have complete psychiatric [attention and supervision] ...,” strongly indicates that if it had known of its § 1133 authority, the trial court would have sentenced defendant to such a place as is contemplated by the statute, that employs psychiatrists and other professional personnel. LRS 15:1134. On this premise, we are urged to set aside the sentence and remand so that the trial court will be free to sentence defendant to serve her term at a community rehabilitation center.
LRS 15:1134, in part, describes the community rehabilitation centers that are authorized under the statute. Act 441 of 1970. The statute requires that these centers be minimum security structures, without cells, barred windows, armed guards, or locked rooms containing any inmate. As we view the totality of the trial court’s comments at the limited sentencing hearing, even had it known of LRS 15:1133, the trial court would not have sentenced defendant to such a minimum security facility because of her history of criminal conduct and of her relationships to, and defiance of, parental and other authority, notwithstanding defendant’s recognized need for psychiatric treatment. This history is detailed in the comments of the trial judge at the sentencing hearing. The trial court expressly recommended that defendant receive psychiatric hélp during the period of her incarceration under the supervision of the Department of Corrections, “if there is psychiatric help available ...” The De *855 partment of Corrections may provide such help if it is available. See LRS 15:828, 830, 824.
Under the circumstances shown by this record, we shall affirm the sentence. The sentence is not excessive and CCrP Art. 894.1 guidelines were satisfied.
AFFIRMED.